Eva P. Igney, Appellant, v. Oscar C. Igney, Appellee.

Gen. No. 40,832.

564

Heard in the third division of this court for the first district at the December term, 1939. Opinion filed February 14, 1940. Rehearing denied March 12, 1940.

EDWARD J. McCARTHY, of Chicago, for appellant.

CHARLES E. SCHILLER, of Chicago, for appellee; JAMES E. McGRATH, of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

On October 17, 1903, the parties were married. On January 29, 1929, plaintiff filed her bill for divorce in the superior court of Cook county. Among other things, she alleged that she was the sole owner of a business then being conducted by the defendant under the name and style of Estelle Dress Company. He filed an answer and a cross-bill. On January 9, 1936, the court entered a decree which found the defendant guilty of extreme and repeated cruelty, and dismissed his cross-bill. The decree also found that plaintiff had no interest whatsoever in the business being conducted by defendant. The decree ordered defendant to pay plaintiff $2,000 to enable her to pay her debts, $1,950 for her solicitors' fees, $800 for expenses incurred by her in procuring an audit of his accounts, and $155 then due for temporary alimony, or a total sum of $4,905. These amounts were paid by defendant in the form of checks on the date the decree was entered. The first item of $2,000 was paid to plaintiff by two checks, one for $1,680, and the other for $320. The decree further directed defendant to pay to plaintiff as alimony, $100 per month, the first payment to be made as of January 1, 1936. In compliance with the decree, the defendant paid plaintiff by check $100 on the date the decree was entered, which covered alimony for January, 1936. On February 3, 1936, he paid her, by check, $100, to cover that month. These checks were accepted by plaintiff. On March 3, 1936, and again on April 9, 1936, defendant tendered to plaintiff, through her attorney, a check for $100 for current alimony. The tender was refused. On May 5, 1936, plaintiff filed a notice of appeal from the decree, and on May 6, 1936, filed a "short record" in this court. No further record was filed, and on July 8, 1936, the appeal was dismissed

for want of prosecution. On motion of plaintiff, the order dismissing the appeal was vacated and the cause reinstated. Plaintiff was granted several extensions of time to file abstracts and briefs. On December 2, 1936, plaintiff filed a motion for further time to file abstracts and briefs, which was denied, and on January 6, 1937, plaintiff moved the court to strike the cause from the docket, or to dismiss the appeal. No abstracts or briefs were filed and on January 8, 1937, the appeal was dismissed. On January 9, 1937, plaintiff filed in this court a petition for leave to appeal from the divorce decree. The petition was denied on February 16, 1937. On December 14, 1937, she filed in the superior court of Cook county a petition entitled, "Action to restore lost document and to review decree." On February 25, 1938, on motion of defendant the petition was stricken and dismissed for want of equity. From this order plaintiff perfected an appeal, which was later abandoned. In 1937 defendant was sued jointly with plaintiff for $200 owed by plaintiff for rent. The action was dismissed as to defendant, but judgment was entered against plaintiff and subsequently defendant was summoned as garnishee and judgment entered against him for $200, which he paid. On August 3, 1938, she filed a petition in the superior court of Cook county, which averred that there was then due as arrears in alimony the sum of $2,900; that although "amply able to pay the same," he repeatedly refused and neglected to do so, and she prayed that a rule be entered against him to show cause why he should not be punished for contempt. A rule was entered against him. He filed a verified answer and also a cross-petition. In the cross-petition he asked that the alimony be reduced. She answered the cross-petition. The matter was referred to a master in chancery, who found that the certified check for $1,680 which was delivered to her on January 9, 1936, was not presented for payment by her until about June 22, 1938; that the

two checks, each for $100, delivered to her in January and February, 1936, representing alimony for those months, were not presented for payment until about June 22, 1938; and that although she had accepted the benefits of the decree, she commenced a series of useless, harassing, embarrassing and vexatious actions against defendant. The master also found that the amounts expended in defening the "harassing and frivolous actions" brought by the plaintiff subsequent to the decree were as follows:

| | |
|---|---:|
| *First Appeal* | |
| Appearance fee | $ 10.00 |
| Attorneys' fees | 500.00 |
| *Petition for leave to appeal* | |
| Appearance fee | $ 10.00 |
| Attorneys' fees | 250.00 |
| *Bill of review* | |
| Appearance fee | 5.00 |
| Attorneys' fees | 300.00 |
| *Notice of Appeal* | |
| Attorneys' fees | 100.00 |
| Garnishment judgment | 200.00 |
| Attorneys' fees | 125.00 |
| Total | $1,500.00 |

In connection with the rule to show cause why defendant should not be held in contempt for failure to pay alimony, the master found that the bank checks were tendered to the attorneys for plaintiff by defendant's attorneys in payment of alimony for the months of March and April, 1936; that the tender was refused in each instance because of her insistence on appealing; that defendant thereafter made no further tenders of monthly alimony checks; that the complainant held the check which she received for her own use and benefit under the decree, and the January and February 1936 checks, for a period of almost two and one-half years

before she presented them for payment; that the fact that she held the checks in her possession without attempting to cash them, substantiates the testimony in behalf of defendant concerning her refusal to accept the checks for the March and April, 1936 alimony, and the testimony that no demands were made by complainant for her alimony payments. The master found that the actions of plaintiff estopped her from claiming that he was guilty of wilful contempt, and that the aggregate amount of alimony in arrears as of December 1, 1938, was $3,400. He recommended, and the parties agreed, that defendant was entitled to a credit of $200 on account of the judgment which he paid. He also recommended that the sum of $1,500 which had been expended by him in defending what he termed the harassing and frivolous actions, be credited on the amount of past due alimony. The master found that at the time of his report plaintiff was 54 years of age and in poor health, and that defendant was 60 years of age; that since the date of the entry of the decree the financial situation of the defendant had materially changed; that he was operating the business of making burial gowns under the name and style of Estelle Dress Company; that the defendant testified that because of the time he spent in and about the actions taken against him by plaintiff, for the defense of which it frequently became necessary for him to come in off the road to counsel with his attorneys, and the worry caused him, his business suffered greatly; that he was able to draw only $120 per month; that at the time the decree was entered he was earning $350 per month; that he cannot withdraw a greater amount than $120 per month from the business; that in addition, he draws $20 per month in operating and maintaining his automobile, which he uses from coast to coast in selling his merchandise; that this amount is inadequate and that he was compelled to overdraw to the extent of $240 for the year 1938; that in order to save and keep his business in operation he frequently sleeps in his automobile at

night instead of using hotels; that in addition to the business, defendant owns a farm in Indiana, which produces little, if any, income, the value of which farm is about $7,000; that he has no other property or assets, except a bank account of about $240; that plaintiff testified that she is in debt, and that with the exception of some stocks which she states are worthless, is destitute. The master recommended that the decree be modified so as to provide that the defendant pay the sum of $40 per month as permanent alimony, the first payment to commence as of December 1, 1938, and that he pay the further sum of $20 per month to apply on account of past due alimony, and that defendant pay the court reporter and the master for the fees and costs of the hearing on the petition and cross-petition. Plaintiff filed objections to the report, which were overruled by the master, and allowed to stand as exceptions. Defendant did not file any objections or exceptions. After the report was filed, plaintiff was permitted to file the depositions of Fred H. Rodgers and Harry A. Heavilon, taken on her behalf, at Clinton county, Indiana. Rodgers, who had been the sheriff and deputy sheriff of the county, deposed that he was acquainted with the farm known as the Igney farm, which consisted of 95 acres; that the fair and reasonable market value was $130 an acre, and that in his opinion the fair and reasonable market value as a whole was $12,350. Heavilon deposed that he resided two and one-half miles from Frankfort, Clinton county, Indiana; that he was in the farm management, mortgage loan and real estate business, with an office in Frankfort, Indiana; that he frequently made loans and appraised real estate; that he was acquainted with the land known as the Igney farm, located 7 miles south of Frankfort; that the fair and reasonable market value of the farm land was $130 an acre, and that the fair and reasonable market value of the farm as a whole was $12,350.

On January 25, 1939, the court sustained the exception of plaintiff as to that part of the report which

recommended that defendant be credited with the sum of $1,500 which he expended defending the "harassing and frivolous actions" of plaintiff. In all other respects the report was approved and confirmed. The court found that the defendant did not wilfully fail to pay the alimony ordered to be paid under the decree entered January 9, 1936, and discharged the rule to show cause. The court further found that since the entry of the decree there remained unpaid the sum of $3,400; that defendant was entitled to a credit of $200 because of the judgment which he paid, leaving a balance of $3,200 owing by him up to and including November 30, 1938; that defendant was without means to pay the $3,200; and that since the entry of the decree defendant's income had been reduced to approximately $120 per month. The court then directed that the decree of January 9, 1936, be modified so as to provide that defendant pay to the complainant the sum of $40 per month, in advance, commencing as of December 1, 1938, and that in addition he pay $20 per month to apply on the unpaid balance of $3,200, such instalments also to commence as of December 1, 1938, and continue until the sum of $3,200 is paid in full. From the decree entered on January 25, 1939, this appeal is prosecuted. Defendant served and filed notice of cross appeal, grounded on the action of the chancellor in sustaining the exception to the recommendation of the master that defendant be credited with $1,500 because of the actions of plaintiff in prosecuting a series of "useless, harassing and frivolous proceedings."

The first criticism leveled at the decree is that the court committed error in discharging the rule to show cause. The court has the power to imprison a person for nonpayment of alimony where his failure to pay amounts to a wilful and contumacious refusal to obey the order. Where the chancellor, as in the instant case, discharges the rule to show cause, this court will not interfere, unless there was a clear abuse of the court's discretion. An examination of the record convinces us

that the court was right in deciding that the defendant was not guilty of a wilful and contumacious refusal to obey the decree. It is true that defendant did not file an exception to the finding of the master that defendant owned a farm in Indiana. The master found that the farm produced "little income, if any." Plaintiff did not file an exception to the latter finding. She held checks for considerable sums of money for a long period of time without presenting them for payment. At the same time she did not prosecute her appeal with any show of diligence, and refused the tender of the monthly payments after the first two months. We agree with the chancellor that the evidence falls short of establishing a wilful and contumacious disobedience of the decree.

As a second point, plaintiff insists that the chancellor erred in decreeing that the unpaid balance of $3,200 be paid at the rate of $20 per month. The law is that past due alimony is a vested right and cannot be affected by subsequent modification of the decree. It is clear, therefore, that plaintiff had a right to a judgment for $3,200 up to and including November 30, 1938. We are aware that it is a common practice to continue a rule to show cause from time to time and thereby give the respondent an opportunity to make up arrears in payments. However, in the instant case the court discharged the rule. Should plaintiff desire to have a judgment entered for the $3,200, she would then be in a position to take steps to enforce collection of the judgment. The order of the court seriously limits plaintiff's right to a judgment in the usual form. We are of the opinion that the provision altering the decree so as to require defendant to pay the past due sum of $3,200 at the rate of $20 per month, is erroneous.

Finally, plaintiff argues that the record does not support the action of the court in modifying the decree so as to provide that commencing with December 1, 1938, the alimony payments be reduced to $40 per month. Section 19, ch. 40, Ill. Rev. Stat. 1939 (section

18 of the Divorce Act) [Jones Ill. Stats. Ann. 109.186] provides that the court may on application from time to time make such alterations in the allowance of alimony and maintenance as shall appear reasonable and proper. After a divorce is granted, the question of alimony is at all times open for adjustment by the court in accordance with the equities which may be made to appear upon the motion of either party, and alimony may, on proper showing, be increased or diminished. The court has the power, for causes accruing subsequent to the divorce, to modify the allowance of alimony to meet the changed conditions of the parties. It is not necessary to make a reservation in the decree and the power to modify may be exercised whether reserved in the decree or not. The modification of alimony lies in the sound discretion of the court. The basis for the modification in the instant case is that defendant's earning power had decreased to a marked degree. The court found that his income at the time the decree was entered was $350 per month, and that his income at the time he filed his cross-petition was $120 per month. The court also found that there was little income, if any, from the farm, and there was no exception to that finding. We are of the opinion that the chancellor, in modifying the decree by reducing the payments of alimony commencing with December 1, 1938, from $100 to $40 per month, was supported by the record, and that there was no abuse of discretion.

In the cross appeal filed by defendant, he urges that the chancellor should have followed the recommendation of the master and allowed a credit of $1,500 because of the "harassing and frivolous proceedings" plaintiff instituted and prosecuted against him after the decree of divorce was entered, and after she had accepted the benefits thereof. Generally, costs and attorneys' fees are not charged against the unsuccessful party unless there is statutory warrant therefor. Section 41 of the Civil Practice Act (sec. 41, ch. 110, par. 165, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann.

104.041]) provides that: "Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading the same to the payment of such reasonable expenses, to be summarily taxed by the court at the trial, as may have been actually incurred by the other party, by reason of such untrue pleading." The record before us does not show that the chancellor was asked to act under section 41. Section 87 of the Civil Practice Act (sec. 87, par. 211, ch. 110, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 104.087]) provides that: "When any appeal is dismissed or any judgment, decree or order is affirmed for want of prosecution, the reviewing court shall enter judgment against the appellant, for not less than fifty dollars damages and for not more than ten per cent of the amount recovered below when such percentage exceeds fifty dollars." The appeal from the original divorce decree was ultimately dismissed on motion of the appellant. The record does not show that any judgment was entered against her, or that there was any request to enter such judgment based on section 87. We are of the opinion that the chancellor was right in sustaining the exception to that part of the master's report which recommended that the defendant be credited with the sum of $1,500 as expenses which he incurred in defending the so-called "useless, harassing and frivolous proceedings" instituted and prosecuted against him after the decree was entered.

For the reasons stated, the decree of the superior court of Cook county is reversed in part and the cause remanded with directions to the chancellor to eliminate from the decree the clause which provides that the amount of $3,200 in arrears shall be paid in instalments of $20 per month. In all other respects, the decree is affirmed.

*Reversed in part and remanded with directions.*

DENIS E. SULLIVAN, P. J., and HEBEL, J., concur.