MARTHA J. BLYTH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40636.    Promulgated November 23, 1953.

*Martha J. Blyth, pro se.*
*John J. Burke, Esq.,* for the respondent.

**OPINION.**

TURNER, *Judge:* Petitioner is entitled, under section 25 (b) of the Internal Revenue Code,[1] to the dependency credits claimed for her son, provided she contributed over half of his support for each of the years herein.

Petitioner kept no books or records of her living expenses and was unable to show with any great exactitude what she did spend in support of her son. She testified as to the nature of the items for which the expenditures were made in his support and her recollection of the range of prices expended therefor. With her son she occupied a 3-bedroom apartment for which she paid a rental of $140 per month.

---

[1] SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME.

(b) CREDITS FOR BOTH NORMAL TAX AND SURTAX.—

(1) CREDITS.—There shall be allowed for the purposes of both the normal tax and the surtax, the following credits against net income:

\* \* \* \* \* \* \*

(D) An exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $500, except that the exemption shall not be allowed in respect of a dependent who has made a joint return with his spouse under section 51 for the taxable year beginning in such calendar year.

\* \* \* \* \* \* \*

(3) DEFINITION OF DEPENDENT.—As used in this chapter the term "dependent" means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer:

(A) a son or daughter of the taxpayer, or a descendant of either,

She bought his clothing, gave him a weekly allowance of $5 as spending and lunch money, and spent approximately $100 a month on food for the two of them. This continued until September 1948, when, at the instigation of her former husband and his mother, her son was placed in Harvard Military School. This school was a boarding school and petitioner paid none of the costs of her son's attendance therein. The amounts expended for tuition, uniforms and board at the school have not been shown, but the school was not regarded as an inexpensive school.

The petitioner has made a stronger case for 1948 than for 1949, since up to September of 1948, she paid all of Robert's expenses over and above the $50 per month received from his father therefor, whereas in 1949, and at the expense of his father or grandmother, Robert was in attendance at the school for the full year, except for vacation periods. It does appear that petitioner provided some support even while Robert was at boarding school, but from a comparative standpoint, the amount so expended was small. Taking into account petitioner's testimony as to her expenditures in maintaining a home and supplying food for herself and Robert and for his clothing and other expenses, and considering the monthly payments received for Robert's support from his father at least up to September 1948, and making allowance for the expenditures for his room, board, tuition, and other expenses at the military school, which such expenses were not borne by petitioner, we are unable to conclude that petitioner has shown that she contributed over one-half of her son's support in either 1948 or 1949. For failure to make such a showing, the respondent's disallowance of the dependency credits claimed for the said years is sustained.

As to the alimony issue, however, the decision must be for the petitioner. Under section 22 (k) of the Internal Revenue Code,[2] alimony payments such as the $100 per month covered by the final decree of divorce herein are includible in the gross income of the wife. It is specifically provided, however, that the provision stated

---

[2] SEC. 22. GROSS INCOME.

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otehwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. In case any such periodic payment is less than the amount specified in the decree or written instrument, for the purpose of applying the preceding sentence, such payment, to the extent of such sum payable for such support, shall be considered a payment for such support. * * *

is not to apply to that part of such payments which under the decree is for the support of a minor child of the husband, and it is further provided that in case the payment actually made under the order is less than the amount specified in the decree, the payment which is made shall, to the extent of the sum payable for the support of the minor child, be considered as the payment for such support. It accordingly follows that, by and under the provisions of section 22 (k), $50 of the payment made to petitioner by her former husband in each month of the years 1948 and 1949 is to be treated as having been paid for the support of their son, Robert, and is not alimony includible in petitioner's gross income within the meaning of that section. In determining otherwise, the respondent was in error.

*Decision will be entered under Rule 50.*