GEORGE R. JOSLYN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GEORGE R. JOSLYN AND DOROTHY C. JOSLYN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GEORGE R. JOSLYN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 38212, 38213, 38214. Filed October 28, 1954.

*Alvin G. Hubbard, Esq.*, for the petitioners.
*Paul Levin, Esq.*, for the respondent.

128

OPINION.

WITHEY, *Judge:* The first issue before us consists of two questions, (1) whether the payments made by petitioner, George R. Joslyn, to Charlotte C. Joslyn for the taxable years here involved included amounts for the support of their minor children, and (2) whether the payment made to Ethel N. Joslyn for the support of her minor son is deductible as alimony. If the payments to Charlotte did include amounts for that purpose, then the portions thereof that were for that purpose may not be deducted by the petitioner and are excluded from the income of Charlotte.[1] *Robert W. Budd*, 7 T. C. 413, affd. 177 F. 2d 198; *Dora H. Moitoret*, 7 T. C. 640; *Warren Leslie, Jr.*, 10 T. C. 807; *Harold M. Fleming*, 14 T. C. 1308.

We have held that in determining the extent to which decrees and agreements fixing alimony and support payments for children provide for the latter, such decrees and agreements are to be construed as a whole and all their provisions examined with regard to each other. *Robert W. Budd, supra; Beulah Weil*, 22 T. C. 612. Each case depends upon its own facts and specifically on the terms and provisions of the decree or written instrument. *Warren Leslie, Jr., supra; Beulah Weil, supra.* Further, the Court of Appeals for the Seventh Circuit in *Mandel* v. *Commissioner*, 185 F. 2d 50, 52, stated:

there is no reason for concluding that the statutes should be construed liberally in the husband's favor as against the wife. While it is clear that the intention was to permit deductions of alimony paid by a husband, nevertheless, the husband was expressly denied the right to deduct that part of a periodic payment which was fixed as payable for the support of minor children.

Examining the facts in the light of the foregoing principles, we find that for 1942 petitioner deducted for alimony the amount of

---

[1] Deductions are permitted the husband under section 23 (u), I. R. C., 1939, if by the correlative provisions of section 22 (k) the payments are includible in the wife's gross income.

Section 22 (k), I. R. C., 1939, provides in part as follows:

In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments * * * received subsequent to such decree in discharge of, * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife * * *. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. In case any such periodic payment is less than the amount specified in the decree or written instrument, for the purpose of applying the preceding sentence, such payment, to the extent of such sum payable for such support, shall be considered a payment for such support. * * *

$2,100, composed of eleven $100 monthly payments to Charlotte under the original decree of October 1, 1940, and $1,000 paid to her in December 1942 under the amended decree of December 16, 1942. He contends that the amended decree of December 16, 1942, as well as that of October 1, 1940, was incident to the divorce and that, since no part of the periodic payments under the amended decree of December 16, 1942, was designated for support of the children, he may deduct the entire payment of $1,000, citing *Dora H. Moitoret, supra.* In making his determination of the petitioner's tax liability for 1942, the respondent allowed no deduction for alimony. However, on brief he concedes that petitioner was entitled to a deduction of $1,200, composed of $1,100 paid during the first 11 months of 1942 and $100 of the payment of $1,000 made in December 1942. Respondent does not deny that the amended decree of December 16, 1942, was incident to the divorce but contends that it did not impose a legal obligation on petitioner and that, therefore, only payments totaling $1,200 were made pursuant to the original decree of October 1, 1940. One of the requisites of section 22 (k) of the 1939 Code is that the payment received must have been made in discharge of a legal obligation. *Frederick S. Dauwalter*, 9 T. C. 580. The report of the Committee on Ways and Means on the Revenue Bill of 1942, H. Rept. No. 2333, 77th Cong., 2d Sess., p. 72, contains the following with respect to section 22 (k) :

This section applies only where the legal obligation being discharged arises out of the family or marital relationship in recognition of the general obligation to support, which is made specific by the instrument or decree. [1942–2 C. B. 428.]

The amended decree of December 16, 1942, stated in part:

It Is Further Ordered, Adjudged and Decreed that George R. Joslyn may at his election discontinue to make the payments herein next above ordered and revert to the decree entered herein on October 1, 1940 and that upon such discontinuance the said George R. Joslyn shall thereafter make the payments as provided in the said decree of October 1, 1940.

The foregoing provision made it optional with petitioner as to whether he would pay $1,000 a month or pay under the original decree. His payment of $1,000 monthly until May 1943, when he discontinued such payments, was merely a gratuity and "without compulsion of any legal obligation arising out of a marital relationship." *Frederick S. Dauwalter, supra*, p. 585. Charlotte had no legal means of enforcing a monthly payment of $1,000 and, apart from the petitioner's willingness to pay, it is difficult to see how she benefited by the decree. Since petitioner was specifically obligated to make monthly payments of only $500, and since only $100 of such payments was alimony to Charlotte, it is our conclusion that petitioner is limited

to an alimony deduction of $100 out of the $1,000 payment in December 1942, or a total alimony deduction of $1,200 for 1942.

During the first 4 months of 1943 petitioner paid Charlotte $1,000 each month under the amended decree of December 16, 1942; he also paid her $500 per month for the remaining 8 months in 1943. In August 1943 he served written notice that he would cease to pay under the amended decree of December 16, 1942, and would pay under the original decree of October 1, 1940. Accordingly, he claims an alimony deduction of $6,000 in 1943. In view of our discussion above regarding the deduction of alimony for 1942, we conclude that for 1943 the petitioner is limited to an alimony deduction of $1,200.

In January and February 1944, petitioner paid Charlotte $500 per month. On January 14, 1944, she applied for an increase in alimony and support for the children, and on March 16, 1944, an amended consent decree was entered which provided that petitioner was to pay her $1,000 per month; $500 was to be paid directly to her for her support and maintenance and for the support and maintenance of the four children, and from the other $500 petitioner was to "set aside * * * a sum sufficient to pay such income taxes as shall be due upon each gross one thousand dollar monthly installment" and any balance was to be applied to the bills listed of Charlotte's creditors. The amended decree of March 16, 1944, was to terminate when the bills were paid in full. During 1944 petitioner paid $3,592.07 to Charlotte under this amended decree and for the year took an alimony deduction of $3,792.07. Respecting the deduction for alimony to be allowed petitioner for the year, respondent contends that since a divorce court retains jurisdiction to modify the provisions originally made for alimony and for support of the children, all amendatory decrees, being modifications of the original decree, should be considered in the light of the original decree; and that since the original decree here involved established one-fifth of the monthly payments as alimony and four-fifths as support for the children, the same proportions should be held applicable with respect to payments under amendatory decrees in which no proportions are specified. Petitioner contends that each amendatory decree must be interpreted as standing alone, and, since the amended decree of March 6, 1944, did not segregate the periodic payments as between alimony and support for the children, the entire amount is deductible as alimony.

Under the law of Illinois, a court granting a divorce may, on application, from time to time make such alterations in the allowance for alimony and for the support of the children as appear reasonable and

proper.[2]   It is unquestioned that the court which entered the original and amendatory decrees involved herein retained jurisdiction, upon application, to modify the provisions originally made for alimony and for support of the children.   It is true that the original decree entered on October 1, 1940, specifically provided for a monthly payment by petitioner of $100 to Charlotte as alimony and a monthly payment to her of $400 for support of the children.   However, we do not think that it necessarily follows that merely because under the original decree the payment for alimony was one-fifth of the total monthly payments to be made by petitioner and the payment for support of the children was four-fifths of such total monthly payments, it is to be presumed that such proportions are to be applied to the payments made by petitioner under amendatory decrees in which payment was ordered of one specified monthly amount to determine the portions thereof that were for alimony and for support of the children.   Such determination is to be made on the basis of all the evidence bearing on the question, including the terms of the original and amended decrees, as well as the reasons prompting the court to decree the amended sum. However, where, as here, the evidence does not show that the payments of one specified amount monthly for both alimony and support of the children ordered by the amendatory decrees were intended to be in proportions other than specified for such purposes in the original decree, and where, as here, petitioner does not show a different application of the funds paid under the amended decrees, and where there is no apparent intention of the decreeing court to the contrary, the proportions ordered by the original decree are to be applied.   Accordingly, we hold that one-fifth of the monthly payments under the amendatory decrees is to be regarded as alimony and four-fifths as support for the children.

Since the payments made in January and February 1944 were made under the original decree, we conclude $200 is deductible by petitioner under section 23 (u) with respect to them.

The amended decree of March 16, 1944, provided for monthly payments by petitioner of $1,000 beginning April 15, 1944, and that $500 of each such payment should be made directly to Charlotte.   If all payments ordered by the decree to be made to Charlotte had been made thereafter in 1944 as ordered, the petitioner would have paid to her a total of $4,500, of which $900 would have been for alimony and $3,600 would have been for support of the children.   However, petitioner paid her only $3,592.07.   In view of this, and since the record does not show whether the $3,592.07 was paid in monthly installments, the situ-

---

[2] Jones' Ill. Stat. Ann. 1934–1949 Cum. Supp., ch. 109.186; *Maupin* v. *Maupin*, 339 Ill. App. 484, 90 N. E. 2d 234; *Igney* v. *Igney*, 303 Ill. App. 563, 25 N. E. 2d 608.

ation thus presented comes within the following provision of section 22 (k):

In case any such periodic payment is less than the amount specified in the decree * * *, for the purpose of applying the preceding sentence, such payment, to the extent of such sum payable for such support [of minor children], shall be considered a payment for such support.

Since the $3,592.07 does not exceed the amount that was applicable for the support of the children, we conclude that no part of the $3,592.07 may be deducted by petitioner for alimony. See *Martha J. Blyth*, 21 T. C. 275. Petitioner's deduction for alimony for 1944 is limited to $200.

During 1945 petitioner paid Charlotte eight monthly payments of $500. Under our holding above, one-fifth of these was for alimony. Accordingly, the petitioner was entitled to deduct $800 as alimony for 1945.

In his return for 1946, petitioner deducted $16,094.58 as alimony. He contends here that he is entitled to an alimony deduction for the year of $16,000, composed of $9,000 for the payments made in January 1946 to or for the benefit of Charlotte; $5,500 for the eleven $500 monthly payments made to her for the months of February to December, inclusive; $1,000 for the payment made to Ethel N. Joslyn; and $500 for the payment made for the support of her minor child, William Hays Urban.

Respondent has allowed petitioner a deduction for alimony of $2,200, consisting of $1,200 for payments made to Charlotte and $1,000 for the payment made to Ethel.

Under the amended decree of March 16, 1944, petitioner was ordered to pay Charlotte $1,000 per month. Of that amount $500 was to be paid directly to her and the other $500 was to be applied to her income taxes and to her debts as listed in the decree. When her creditors had been paid in full, the decree was to have no further force or effect. In seeking to limit the deduction for alimony for 1946 to one-fifth of the monthly payments of $500 which were made directly to Charlotte and to disregard payments made to creditors, the respondent contends that during 1946 petitioner paid more than was required by the amended decree. We do not agree with this contention. The evidence establishes that the indebtedness owing to creditors was incurred for the benefit of both Charlotte and the children. The provisions of the amended decree are explicit and required petitioner to make payment in full of the indebtedness owing to the creditors listed therein. The final payment to creditors was made in January 1946.

In view of the foregoing, and in view of what we have said heretofore respecting the portion of payments made under amendatory

decrees which is to be regarded as alimony, we hold that petitioner may deduct as alimony paid to Charlotte in 1946, 20 per cent of the $9,000 payment, or $1,800, and $100 for each of the 11 payments made to her from February through December 1946, or a total of $2,900.

Since the respondent has allowed petitioner a deduction of $1,000 for alimony of that amount paid to Ethel in 1946, no issue as to such allowance is presented here. In his return, the petitioner took a deduction of $500 on account of his payment in that amount for the support of William Hays Urban, minor child of Ethel. He contends that since he had to pay the money to the child, whom the mother was obligated to support, the transaction was the same as though he was paying the money to her. Even if we assume the correctness of petitioner's contention, we are still confronted with the portion of the decree of January 4, 1946, in connection with which the payment was made, which provides that such payments were to commence the year following entry of the decree of divorce. Since the decree of divorce was entered in 1946, the first payment was not due until 1947. Therefore, petitioner was not obligated to make the payment in 1946 and, consequently, it was not deductible for that year.

In his income tax return for 1947, petitioner deducted $23,750 for alimony, but the respondent determined that only $1,950 of the amount was deductible. On brief the respondent concedes that the full amount deducted by petitioner was allowable. In a recomputation of the deficiency for 1947, effect will be given to the respondent's concession.

Pursuant to the amended decree of December 29, 1947, petitioner paid Charlotte $10,438.20 during 1948. Of that amount respondent allowed only $1,200. The decree provided for a monthly payment of $950 but did not specify what portion of that amount was for alimony or for support of the children. In view of what has been said heretofore respecting the portion of payments made under amendatory decrees which is to be regarded as alimony, we hold that one-fifth of the amount of the payment, or $2,887.64, was allowable as an alimony deduction.

Petitioner has failed to offer any reason why the addition to tax under section 291 (a) should not be assessed. The burden of proof is on the petitioner to show that the failure to file a return within the time prescribed by law, or prescribed by the Commissioner in pursuance of law, was due to reasonable cause and not due to willful neglect. *Charles C. Rice*, 14 T. C. 503, 509. In view of petitioner's failure, the respondent's determination is upheld.

*Decisions will be entered under Rule 50.*