Hazel H. Potter v. Commissioner.
Potter v. Commissioner
Docket No. 94700.
United States Tax Court
T.C. Memo 1963-28; 1963 Tax Ct. Memo LEXIS 317; 22 T.C.M. (CCH) 110; T.C.M. (RIA) 63028; January 30, 1963
Hazel H. Potter, pro se, 4866 Bedford Ave., Detroit, Mich. Ralph A. Anderskow, Esq., for the respondent. DAWSON
Memorandum Opinion DAWSON, Judge: Respondent determined a deficiency in the petitioner's income tax for 1957 in the amount of $373.10. The only question for decision is whether certain amounts paid to the petitioner in 1957 by her former husband are includable in her gross income under section 71(a), Internal Revenue Code of 1954, or whether they *318 represent payments solely for the support of two minor children and, therefore, nontaxable under section 71(b). All of the facts were stipulated and are so found. The stipulation of facts is incorporated herein by reference. Hazel H. Potter, the petitioner herein, resides at 4866 Bedford Avenue, Detroit, Michigan. She filed her Federal income tax return for the calendar year 1957 with the district director of internal revenue at Detroit, Michigan. Hazel was formerly married to Richard W. Potter. They have three children, Richard, Jr., John and William, who were born in 1937, 1949 and 1955, respectively. Hazel and Richard separated. On November 7, 1956, pursuant to a divorce proceeding, the Circuit Court for Wayne County, Michigan, entered an Order for Temporary Support, Attorney Fees, etc., which provided, in part, that - * * * the plaintiff, RICHARD POTTER, shall pay to the Friend of the Court for the County of Wayne, for the support and maintenance of the minor children of the parties and the defendant, the sum of ONE HUNDRED ($100.00) DOLLARS on the 26th day of October, 1956, and a like sum in advance each and every week thereafter, until the further Order of this Court; *319 Pursuant to the Order for Temporary Support, Richard made periodic payments in 1957 to Hazel through the Friend of the Court in the total amount of $5,200 for the support and maintenance of the minor children and his wife. Payments which were due on December 21, 1956 and December 28, 1956, aggregating $200, were received by Hazel on January 10, 1957. Payments which were due from January 4, 1957, through December 13, 1957, totaling $5,000, were received by Hazel at various times in 1957. Records of the Friend of the Court show that $5,200 was paid through that office to Hazel during the year 1957. On December 24, 1957, Hazel and Richard signed a Property Settlement Agreement which contained, inter alia, the following provisions: Plaintiff husband shall pay the sum of Twenty-Five ($25.00) Dollars each for the support of the two (2) youngest minor children until they reach the age of eighteen (18) years and until the further order of this Court. * * *
Plaintiff shall pay the sum of Twenty-Five ($25.00) Dollars per week for the support and maintenance of RICHARD POTTER, son of the parties hereto until said minor graduates from college or until June of 1961, whichever occurs *320 first. A Final Decree of Divorce was entered on January 10, 1958, by the Circuit Court of Wayne County. The decree incorporated the provisions of the Property Settlement Agreement and provided, in part, as follows: IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Cross-Defendant, RICHARD POTTER, will pay to the Friend of the Court for the County of Wayne, for the support and maintenance of JOHN POTTER and WILLIAM POTTER, the minor children of the parties hereto, the sum of Twenty-Five ($25.00) Dollars each on the date of the entry of this Decree and a like sum for each of said minor children each and every week thereafter, until said children reach the age of eighteen (18) years and until the further order of this Court. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Cross-Defendant shall pay to the Friend of the Court for the County of Wayne, beginning on the date hereof, the sum of Twenty-Five ($25.00) Dollars for the maintenance of the minor son, RICHARD POTTER, and a like sum each and every week thereafter until said, RICHARD POTTER, leaves or graduates from college or until June of 1961, whichever happens first. In her income tax return for 1957 Hazel reported only *321 $2,600 of the $5,200 received through the Friend of the Court and deducted $465 for half of the mortgage payments on the home owned jointly by her and Richard, Sr. The respondent determined in his notice of deficiency that Hazel should have included the entire $5,200 in her gross income for 1957; he disallowed the deduction of $465 claimed as payments on the house; and he increased the exemptions from $1,200, as shown on the tax return, to $2,400. The respondent has agreed and stipulated that the total amount of $930, representing the 12 monthly mortgage payments of $77.50 on the home which were included in the $5,200 received by Hazel, is not taxable to her. And Hazel has agreed and stipulated that interest in the amount of $384.86, which was included in the $930, is not allowable as an itemized deduction on her 1957 income tax return. If the terms of the Order for Temporary Support had not been later changed by the Property Settlement Agreement, the amounts paid to the petitioner in 1957 clearly would be included in her gross income under section 71(a), Internal Revenue Code of 1954, and would not come within the provisions of section 71(b). [1] To the extent *322 that a decree, instrument or agreement specifically indicates the proportion or dollar amount for the support of minor children, such amounts are not taxable to the wife. But if the decree, instrument or agreement does not "specifically designate" or "fix" the amount or portion of the payment which is to go to the support of the children, the whole sum is included in the wife's income. Commissioner v. Lester, 366 U.S. 299 (1961). While this Court had attempted to give a less rigid interpretation to the provisions of the statute, the Supreme Court ruled otherwise and made it plain that section 71(b) is not to be given an expansive construction.
*323 Here the Order for Temporary Support imposed upon Richard the obligation of making periodic payments to Hazel "for the support and maintenance of the minor children of the parties and the defendant" without further specifications as to the amount intended for their sons, William and John. Consequently, any payments made pursuant to such provision of the Order for Temporary Support would not be covered by section 71(b). The petitioner contends, however, that since the Property Settlement Agreement, which did fix definite amounts for the support of all three children, was signed during the taxable year in question and carried out the true intent of the parties, it and not the Order for Temporary Support should control the taxability of the payments she received. Her position is that all payments throughout the year 1957 were made under the terms of the Property Settlement Agreement. The respondent, on the other hand, argues that all payments between January 1, 1957 and December 24, 1957, were made under the Order for Temporary Support because there was no retroactive intent expressed in the Property Settlement Agreement. We cannot agree with the petitioner's position. The Property *324 Settlement Agreement indicated no retroactive change. The controverted payments were made pursuant to the Order for Temporary Support. It was that decree which "fixed" the tax character of the amounts paid. Such payments could not be retroactively altered by the subsequently executed Property Settlement Agreement. It matters not whether the change was made in the same taxable year. The real question is: Under what decree or agreement were the payments actually made? We think the answer is the Order for Temporary Support because that decree determined the rights of the parties until they were modified by the Property Settlement Agreement. The character of those payments made pursuant to the Order for Temporary Support was not changed by the subsequent events. Therefore, the later agreement did not serve retroactively to "fix" those amounts as payments for the support of the children. See Frances Hummel, 28 T.C. 1131 (1957); Michel M. Segal, 36 T.C. 148 (1961); Dorothy Turkoglu, 36 T.C. 552 (1961); and Joslyn v. Commissioner, 230 F. 2d 871 (C.A. 7, 1956), affirming this issue, 23 T.C. 126 (October 28, 1954). This is not *325 a case where an error was thought to exist in an earlier decree which was subsequently corrected by a nunc pro tunc order. Cf. Margaret Rice Sklar, 21 T.C. 349 (1953); Velma B. Vargason, 22 T.C. 100 (1954). Accordingly, we hold that the stipulated amounts Hazel received in 1957 are includable in her gross income. The petitioner is not entitled to any overpayment. In her Amendment to Petition, the petitioner alleges that she received payments in 1957 totaling only $5,000 instead of $5,200. She argues that two $100 payments due in 1956, but paid by Richard in 1957, were arrearages and should not be included in her 1957 income. Having already concluded that none of the amounts received by Hazel in 1957 were support payments, the arrearages received in 1957 must also be included in her income for that year. She was on the cash basis for periodic payments. Thus, where the husband seeks to liquidate his arrearages and pays them off in one year, it may cause a bunching of income in that year to the wife. Antoinette L. Holahan, 21 T.C. 451 (1954), aff'd 222 F. 2d 82 (C.A. 2, 1955). To take into account concessions made by the parties *326 in the stipulation of facts, Decision will be entered under Rule 50. Footnotes
1. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of Divorce or Separate Maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust of otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incldent to such divorce or separation. (2) Written Separation Agreement. - If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. (3) Decree for Support. - If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly. (b) Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.↩