John D. & Lorraine Lindsay v. Commissioner.
Lindsay v. Commissioner
Docket No. 1166-69-SC.
United States Tax Court
T.C. Memo 1970-6; 1970 Tax Ct. Memo LEXIS 353; 29 T.C.M. (CCH) 9; T.C.M. (RIA) 70006; January 8, 1970, Filed. John D. Lindsay, pro se, 1515 LaMesa Dr., Burlingame, Calif.Joel A. Sharon, for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined deficiencies in petitioners' Federal income taxes for the taxable years 1964, 1965, and 1966 in the amounts of $346.67, $259.50, *354 and $310.25, respectively. After concessions by the parties there are two issues remaining for decision. The first is whether certain payments made by petitioner-husband to his ex-wife constitute deductible alimony or nondeductible child support. The second is whether petitioners are entitled to deductions for entertainment expenses alleged to have been paid in connection with petitioner husband's employment. Findings of Fact Oral stipulations of fact were offered at trial. These stipulations and the exhibits offered therewith are incorporated herein by this reference. Petitioners, John D. and Lorraine Lindsay, husband and wife (hereinafter referred to as petitioner and Lorraine) had their legal residence at Burlingame, California at the time the petition herein was filed. In 1936 petitioner married Helen Fay Lindsay (Helen). Two children, Harry L. and Douglas, were born during this marriage. On December 5, 1957, an Interlocutory Decree in Divorce was entered in the District Court in and for the County of Denver, Colorado. The court expressly made part of its decree a written contract between petitioner and Helen, which in part provided: 2. The husband shall pay to the wife *355 for the use and benefit of the minor children of the parties, and for the support, education and maintenance, the sum of One Hundred Twenty-Five Dollars ($125.00) per month; it is the intention of the parties hereto that payments hereunder shall be at the rate of Sixty-Two Dollars and Fifty Cents ($62.50) per month per child, commencing December 15, 1957, and that said payments shall continue each month, until the further order of the Court, or until said children, or either of them, shall have attained their majority or otherwise become emancipated or self-supporting. * * * 10 6. The husband agrees to pay alimony to the wife in the amount of $225.00 per month until further order of this Court * * *. On June 6, 1958, a Final Decree in Divorce was entered in the District Court between petitioner and Helen. At this time the children, Harry and Douglas, were ages 16 and 9, respectively. Harry became 21 on August 13, 1962. Douglas remained a minor during the years in issue. During each of the years 1964, 1965, and 1966, petitioner made payments to his ex-wife in the amount of $1,800, and claimed this sum as an alimony deduction on his income tax returns for those years. At no *356 time subsequent to the entry of the divorce decree have the parties ever orally or in writing modified the provisions of the decree nor has any court effected any modification. In his statutory notice, the Commissioner disallowed $750 of the claimed deduction in each of the years, stating that such sums "were not alimony payments but represented amounts payable for the support of minor children. Accordingly * * * you are not entitled to a deduction under section 215." The Commissioner further disallowed claimed entertainment expense deductions in the amounts of $380, $365, and $390, stating that "it has not been established that any amount represents an ordinary and necessary business expense or was expended for the purpose designated." Opinion Turning our attention first to the deduction of alleged entertainment expenses, petitioner offered no evidence of any sort on this issue; consequently he has failed to sustain his burden of proof under Rule 32, Tax Court Rules of Practice, and we uphold the Commissioner's determination. The second issue deals with the claimed alimony deduction. Petitioner paid his ex-wife $1,800 during each of the years in issue. This represents a *357 difference of $1,650 a year from the amount set out in the decree. It appears that this action to reduce the amount was initiated solely by petitioner. If petitioner had followed the terms of the decree, he would have paid $750 per year for support of his minor child, Douglass, and $2,700 per year alimony to his former wife. This situation falls within the second sentence of section 71(b), [1] I.R.C. 1954 and section 1.71-1(e), [2] Income Tax Regs., since the decree "fixes" as child support the amount of $62.50 per month ($750 per year) as set forth in the first sentence of section 71(b), I.R.C. 1954, and the payment is less than such amount specified. See Martha J. Blyth, 21 T.C. 275 (1953). We therefore uphold the Commissioner's determination. *358 To reflect concessions by the parties and certain adjustments not contested. Decision will be entered under Rule 50. 11 Footnotes
1. SEC. 71(b)↩. Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support. 2. Sec. 1.71-1(e). Payments for support of minor children. Section 71(a) does not apply to that part of any periodic payment which, by the terms of the decree, instrument, or agreement under section 71(a)↩, is specifically designated as a sum payable for the support of minor children of the husband. The statute prescribes the treatment in cases where an amount or portion is so fixed but the amount of any periodic payment is less than the amount of the periodic payment specified to be made. In such cases, to the extent of the amount which would be payable for the support of such children out of the originally specified periodic payment, such periodic payment is considered a payment for such support. For example, if the husband is by terms of the decree, instrument, or agreement required to pay $200 a month to his divorced wife, $100 of which is designated by the decree, instrument, or agreement to be for the support of their minor children, and the husband pays only $150 to his wife, $100 is nevertheless considered to be payment by the husband for the support of the children. * * *