DANIEL E. and JANE HAU, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hau v. Commissioner
Docket No. 8630-80.
United States Tax Court
T.C. Memo 1983-471; 1983 Tax Ct. Memo LEXIS 318; 46 T.C.M. (CCH) 1038; T.C.M. (RIA) 83471; August 11, 1983. Daniel E. Hau, pro se. James M. Klein, for the respondent. SHIELDS
MEMORANDUM OPINION SHIELDS, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1977 in the amount of $200 and an addition to the tax under section 6651(a) [1] of $47.44. Respondent has since conceded the addition to the tax. Thus, the only issue for our decision is whether petitioner is entitled to deduct $1,731 as alimony in 1977 or whether a portion of that amount must be allocated to child support arrearages pursuant to section 71(b). *319 This case was submitted fully stipulated under Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and exhibits attached thereto are incorporated herein by reference. Petitioners Daniel E. Hau and his present wife, Jane Hau, are individuals who resided in Wisconsin at the time of filing the petition in this case. They filed a joint income tax return for 1977 with the Kansas City Service Center. Since the alimony payments in question were made by Daniel Hau, he will sometimes be referred to as the petitioner. Petitioner was divorced from his first wife, Lynne A. Hau, in 1972. Petitioner and Lynne Hau had one minor child. Under the divorce decree petitioner was required to make semimonthly payments of $125 to Lynne for a total of $3000 per year--$2100 in child support and $900 in alimony. During 1977, petitioner made 19 payments to Lynne totaling $2,375 of which $1,662.50 represented child support. The balance of $712.50 represented alimony. On January 29, 1976, petitioner and his second wife, Francesca R. *320 Hau, were divorced. The couple had one minor child. The divorce decree provided that petitioner was to make biweekly payments of $162 to Francesca for a total of $4200 per year--$3000 in child support and $1200 in alimony. During 1977, petitioner made 22 biweekly payments to Francesca for a total of $3,564 of which $2,545.71 represented child support and the balance of $1,018.29 represented alimony. On his joint return for 1977, petitioner claimed a deduction for alimony in the amount of $1,731 ($1,018.29 paid to Francesca plus $712.50 paid to Lynne). In his notice of deficiency the respondent determined that $892 of the deduction for alimony was not allowable because the total payments made by the petitioner during 1977 under the divorce decrees must be applied first to satisfy the balance of $892 due for the year on his child support obligations and only the remainder of such payments, or $839, could be applied to alimony. Section 71(b) provides that when any payment made under a decree of divorce is less than the amount specified in the decree for both child support and alimony, the payment shall first be applied to meet the child support obligation. Furthermore, the legislative *321 history of Section 71(b) and its predecessor indicates that no deduction for alimony was contemplated for amounts specifically designated for child support under a decree of divorce. H. Rept. No. 2333, 77th Cong., 1st Sess., 73-74 (1942), 1942-2 C.B. 372, 429; S. Rept. No. 1631, 77th Cong., 1st Sess., 86 (1942), 1942-2 C.B. 504, 570. See also section 1.71-1(e), Income Tax Regs., which restates the same example used in the above reports as follows: * * * The statute prescribes the treatment in cases where an amount or portion is so fixed but the amount of any periodic payment is less than the amount of the periodic payment specified to be made. In such cases, to the extent of the amount which would be payable for the support of such children out of the originally specified periodic payment, such periodic payment is considered a payment for such support. For example, if the husband is by terms of the decree, instrument, or agreement required to pay $200 a month to his divorced wife, $100 of which is designated by the decree, instrument, or agreement to be for the support of their minor children, and the husband pays only $150 to his wife, $100 is nevertheless *322 considered to be a payment by the husband for the support of the children. * * *. The petitioner is correct in his observation that the statute, regulation, and legislative history speak only of a periodic "payment." This Court, however, has consistently interpreted this language to mean the total, annual obligation for child support payable under the decree. Thus, where that portion of the monthly payments designated for child support totaled less than the annual amount specified in the decree, we have upheld the respondent's determination of an allocation of so much of the alimony portion as needed in order to satisfy the total yearly child support obligation. Joslyn v. Commissioner,23 T.C. 126 (1954), affd. in part, 230 F.2d 871 (7th Cir. 1956); Blyth v. Commissioner,21 T.C. 275 (1953). [2] It is noted that our interpretation on this issue has been sustained by the Court of Appeals for the circuit to which this case is appealable. Joslyn v. Commissioner,supra.
*323 Here, petitioner fell behind in his biweekly and semimonthly payments of alimony and child support. Each payment was for the precise total amount required under the decree, $162 to Francesca and $125 to Lynne, but by year's end he had made only 22 of the required 26 payments to Francesca and 19 of the 24 decreed payments to Lynne. While we have sympathy for petitioner and the unintended result of his arrearage, we have no legal basis for distinguishing his predicament from those cases previously litigated. Under those cases his total payments during the year must be first applied to his yearly obligation for child support and only the balance can be applied to alimony. Due to concessions, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended during the year in issue, unless otherwise indicated.↩
2. See also Marshall v. Commissioner,T.C. Memo. 1976-34; Ross v. Commissioner,T.C. Memo. 1972-122; Lindsay v. Commissioner,T.C. Memo. 1970-6↩.