T.C. Memo. 2000-71


UNITED STATES TAX COURT


CHAD HAZAM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

KATHERINE L. HAZAM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 3826-99, 4114-99.      Filed March 3, 2000.


<u>Elyse E. Rogers</u> and <u>Vicky Ann Trimmer</u> (specially

recognized), for petitioner in docket No. 3826-99.

<u>Peter B. Astorino</u>, for petitioner in docket No. 4114-99.

<u>Jack T. Anagnostis</u> and <u>Kenneth J. Rubin</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  By notice dated December 8, 1998, respondent

determined deficiencies of $9,739 and $9,822 relating to Chad

Hazam's 1992 and 1993 Federal income taxes, respectively.  By

notice of the same date, respondent determined deficiencies of $11,706 and $12,165, and section 6651(a)(1) additions to tax of $2,054 and $1,580, relating to Katherine L. Hazam's 1992 and 1993 Federal income taxes, respectively. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the issues are whether: (1) Certain payments to Ms. Hazam from Mr. Hazam are properly included, pursuant to section 71, in Ms. Hazam's income, and deducted, pursuant to section 215, by Mr. Hazam as alimony; and (2) Ms. Hazam is liable, pursuant to section 6651(a)(1), for additions to tax for failure to file timely returns.

### FINDINGS OF FACT

When the petitions were filed, Mr. Hazam resided in Mechanicsburg, and Ms. Hazam in Lancaster, Pennsylvania. Petitioners married in 1970. They had three children: Lexi, Layne, and Kacey. Petitioners divorced in 1987, executing a Marital Settlement Agreement (agreement) that requires Mr. Hazam to pay annual alimony of approximately $200,000 and child support of $30,000 to Ms. Hazam, providing "that the fair amount of child support * * * is subject to change based upon a change in circumstances relative to the needs of the children and the earning capacities of the parties." The agreement states that it

"is subject to modification only by a subsequent legal writing signed by both parties."

After the divorce, all three children lived with Ms. Hazam until the end of 1991, when Layne moved in with his father. During 1992 and 1993, when Lexi was away at college, Mr. Hazam reduced his payments, which he sent to Ms. Hazam with handwritten notes characterizing portions of the payments as alimony and child support. Mr. Hazam wrote in a 1995 letter to Ms. Hazam that he had reduced his child support payments because revenue from his business had declined and Layne and Lexi no longer resided with Ms. Hazam.

On each of his 1992 and 1993 tax returns, Mr. Hazam deducted as alimony approximately $200,000, the amount that he had paid each year to Ms. Hazam. On her returns for those same years, Ms. Hazam reported approximately $170,000 per year as alimony income, excluding approximately $30,000 as child support.

Pursuant to extensions, Ms. Hazam's tax returns were due October 15, 1993 and 1994. Respondent's records show that the returns were filed on October 20, 1993, and October 25, 1994.

OPINION

I.  Alimony and Child Support

Section 71(a) provides that gross income includes amounts received as alimony. Section 71(c)(1) provides that alimony shall not include child support. Section 71(c)(3) provides that "if any payment is less than the amount specified in the [divorce

or separation] instrument, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support."

Mr. Hazam, citing Fina v. Fina, 737 A.2d 760 (Pa. Super. Ct. 1999), contends that pursuant to an oral agreement he was not required to pay the $30,000 of child support. In Fina, the court found credible the husband's testimony that the wife "had expressly agreed to a reduction" in child support payments. Id. at 763-764. No such finding is warranted here. Petitioners did not modify the agreement, which specified that Mr. Hazam shall pay $30,000 per year for child support in addition to the $200,000 for alimony. Accordingly, $30,000 of each $200,000 payment shall be considered, pursuant to section 71(c)(3), a payment for child support. See Blyth v. Commissioner, 21 T.C. 275 (1953). The $30,000 amounts are not, pursuant to section 215, deductible as alimony.

## II. Additions to Tax

Section 6651(a)(1) imposes an addition to tax for the failure to file a required return on the date prescribed. Ms. Hazam has not established that she filed her returns on the dates prescribed. Accordingly, she is liable for the additions to tax.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.