T.C. Memo. 1998-441


UNITED STATES TAX COURT


ALBERT WILLIAM DEHR, III AND YOENG YOEP DEHR, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24869-96.                    Filed December 15, 1998.


Albert William Dehr III and Yoeng Yoep Dehr, pro sese.

Christian Speck, for respondent.


MEMORANDUM OPINION


DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7443A(b) of the Code and Rules 180, 181, and 182.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $9,347 in petitioners' 1994 Federal income tax.

After a concession by respondent, the issues remaining for decision are whether petitioners are entitled to claim car and truck transportation expenses and telephone expenses as business expenses on Schedule C.[2]

Some of the facts have been stipulated and are so found. Petitioners resided in Yuba City, California, at the time they filed their petition.

### Background

During the taxable year Albert William Dehr III (petitioner) was self-employed as a "financial litigation consultant", engaged in "RICO investigations, [and] financial investigations in major civil litigations" for attorneys in San Francisco, Denver, Washington, and Florida. Petitioner's consulting activities included reviewing financial records, conducting interviews, assisting attorneys with depositions, locating individuals, and drafting reports.

Petitioner was also a member of a real estate partnership, Bakos & Dehr Realty (Bakos & Dehr). Mr. Bakos was "an attorney

---

[2]The parties agree that petitioners' gross receipts for the year 1994 are $24,838 as reported on Schedule C of the return. Respondent determined that petitioners are not entitled to claim the earned income credit. This is a computational adjustment that will be resolved by our decision on the other issues in this case.

friend in Sacramento", California.  Petitioner and Mr. Bakos planned to develop a ranch that belonged to Mr. Bakos' father into a public golf course.  The development of the golf course at the ranch "did not pan out."

Petitioner's primary client for the year at issue was a company named RO-TILE Roofing Co. (Ro-Tile).  Of petitioner's total gross receipts of $24,838 for the year reported on Schedule C, Ro-Tile paid $23,186 to him for services that included accounting, financial analysis, document drafting, court appearances, and repairing a kiln.  Petitioners also reported, on Schedule A of their return, $3,780 in interest income from Ro-Tile.  Other clients paid another $1,652 to petitioner for his services.

Petitioner maintained an office in his home in Yuba City for his consulting business.  Ro-Tile was located in Lodi, California, south of Yuba City.

Petitioners' home had only one telephone line.  Petitioner used the telephone in his home as his business telephone.  There was also at least some limited personal use of the home telephone.

Petitioners owned both a Ford pickup truck and a Lincoln Continental automobile.  Yoeng Yoep Dehr primarily used the Lincoln as her personal vehicle.  Petitioner used the truck to drive from his home to and from Ro-Tile and other locations in

rendering services to Ro-Tile. Petitioner also used the truck "to do a lot of hauling out to the ranch" in connection with his real estate partnership activity. He did, in addition, "some computer work" for his real estate partner "Doc" Bakos.

Petitioners' daughter was enrolled at the University of the Pacific, near but south of Lodi in Stockton, California. Stockton is near enough to Lodi that a telephone call from one town to the other is a local call. Petitioner, from time to time, visited his daughter in Stockton when driving the truck to or from a Ro-Tile trip.

Petitioners, on Schedule C of their 1994 Federal income tax return, claimed "utilities" expenses that were actually telephone expenses of $1,137.31, and car and truck expenses of $13,049.

Using the optional standard mileage rate, petitioners' claimed car and truck expenses were based upon 100 percent business use of the truck for a total of 34,748 miles, and 48.31 percent business use of the Lincoln for 7,289 business miles. Petitioners also included, in their claimed car and truck expenses, small amounts for parking fees, tolls, property taxes, and interest.

After examining their return, respondent determined that petitioners are not entitled to claim as business expenses either their telephone expenses, because they are personal expenses, or

their car and truck expenses, because they are unsubstantiated commuting expenses.

## Discussion

### Telephone Expenses

Petitioners argue that in 1994 their home telephone was strictly for business use. According to petitioner, he had some business partners, including one in Japan, who needed immediate access to him by fax with respect to some litigation. Petitioner testified that he connected a computer to his telephone line for the entire year so it could receive any fax that his business associates might send to him concerning the litigation.

Petitioner testified that the amounts paid for telephone service in 1994 are shown on a computer printout he presented at trial. The actual telephone bills are in storage with his attorneys and unavailable, explained petitioner. Respondent objects to the admission of the computer printout, arguing that it lacks relevance. We disagree, and find the document to be relevant to the issues of whether petitioners made expenditures for telephone service and the amount expended. Our resolution of this evidentiary issue does not, however, dispose of the issue of the deductibility of the expenses.

Personal, living, and family expenses are not generally deductible. Sec. 262(a). In the case of an individual, the basic charge for the first telephone line provided to any

residence "shall be treated as a personal expense." Sec. 262(b). Since petitioners had only one telephone line provided to their home in 1994, they may not claim as a business expense their basic monthly charge. The amount claimed by petitioners, however, suggests the charges claimed as expenses for the telephone were beyond the basic monthly charge. Petitioners must show that they incurred any such expenses primarily for business rather than social reasons. Rule 142(a); Walliser v. Commissioner, 72 T.C. 433, 437 (1979).

To the extent that there was an amount for telephone calls beyond the basic monthly charge, petitioners have not proven that the charges were attributable to the business, and therefore they may not claim them as expenses. See Irwin v. Commissioner, T.C. Memo. 1996-490, affd. without published opinion 131 F.3d 146 (9th Cir. 1997).

Car and Truck Expenses

Commuting Expenses

Respondent argues that petitioners are not entitled to claim car and truck expenses for their Ford truck or their Lincoln automobile because petitioner's transportation costs incurred traveling between his home in Yuba City and Ro-Tile in Lodi are commuting expenses. Even if they are not commuting expenses, respondent disputes that petitioners have properly substantiated them as business expenses.

Petitioner argues that his home is "the base of my operation" and that his only business office is in his home. Petitioners claimed office-in-home expenses on Schedule C and filed Form 8829, Expenses for Business Use of Your Home, reporting expenses associated with the home office.  No issue was raised by respondent with respect to whether, and respondent did not contest that, petitioner's business was run from his office in his home.

Generally, expenses that a taxpayer incurs in commuting between his home and place of business are personal and nondeductible.  Commissioner v. Flowers, 326 U.S. 465 (1946); Heuer v. Commissioner, 32 T.C. 947, 951 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs.  Expenses incurred, however, in going between two or more places of business may be deductible as ordinary and necessary business expenses under section 162 if incurred for business reasons.  Steinhort v. Commissioner, 335 F.2d 496, 503-504 (5th Cir. 1964), affg. T.C. Memo. 1962-233; Heuer v. Commissioner, supra.  A taxpayer may deduct the expenses of traveling between two places of business, one of which is an office in his home that is the taxpayer's principal place of business for the trade or business conducted by the taxpayer at those other work locations.  Curphey v. Commissioner, 73 T.C. 766, 777-778 (1980).

Since it is uncontested that petitioner's home office was his principal place of business, we find that car and truck expenses shown to have been incurred by petitioner in traveling between his business office in his home and other business locations are business expenses. See Walker v. Commissioner, 101 T.C. 537, 545 (1993); Wicker v. Commissioner, T.C. Memo. 1986-1.

Substantiation

Petitioners must show that the amounts claimed are deductible business expenses. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Failure to prove the exact amount of an otherwise deductible item may not always be fatal, because generally, unless precluded by section 274, we may estimate the amount of such an expense and allow the deduction to that extent. Finley v. Commissioner, 255 F.2d 128, 133 (10th Cir. 1958), affg. 27 T.C. 413 (1956); Cohan v. Commissioner, 39 F.2d 540, 554 (2d Cir. 1930).

Section 274(d) provides, however, that no deduction shall be allowed with respect to any "listed property", as defined in section 280F(d)(4), unless the taxpayer substantiates by adequate records or sufficient evidence to corroborate the taxpayer's own testimony: (1) The amount of the expenditure or use based on the appropriate measure (mileage may be used in the case of

automobiles), (2) the time and place of the expenditure or use, (3) the business purpose of the expenditure or use, and (4) the business relationship to the taxpayer of each expenditure or use.

"Listed property" includes any passenger automobile and "any other property used as a means of transportation". Sec. 280F(d)(4)(A)(i) and (ii). Generally, a passenger automobile is any four-wheeled vehicle made for use on public roads, weighing less than 6,000 pounds.[3] Sec. 280F(d)(5)(A). Property used as a "means of transportation" includes trucks and any other vehicle for transporting persons or goods. Sec. 1.280F-6T(b)(2), Temporary Income Tax Regs., 49 Fed. Reg. 42713 (Oct. 24, 1984). Because both petitioners' Lincoln and their pickup truck fall within the definition of listed property, expenses for the use of both must meet the substantiation requirements of section 274(d)(4).

To meet the adequate records requirements of section 274(d), a taxpayer must maintain some form of records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use. Sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Section 1.274(d)-1, Income Tax Regs., in part, grants to the Commissioner authority to prescribe rules for mileage allowances for ordinary

---

[3]Certain special use vehicles are excluded. Sec. 280F(d)(5)(B).

and necessary expenses for local transportation, and rules were prescribed for the year 1994. See Rev. Proc. 93-51, 1993-2 C.B. 593.

As part of their attempt to meet the substantiation requirements, petitioners provided the Court with a handwritten document that petitioner testified is a record of starting and ending mileage for each of the vehicles, the pickup truck and the Lincoln. The document indicates the total miles driven for the year for each vehicle:  34,748 miles for the truck and 15,089 miles for the Lincoln.[4]

### The Lincoln

Of the total mileage for the Lincoln, petitioners claimed 7,289 as business miles on a statement attached to their return. On the same statement petitioners indicated that they possessed written evidence to support the claimed business use. No such written evidence was offered at trial. Petitioner instead testified that to determine business mileage he took the total mileage of 15,089 and reduced it by 7,800 for his wife's personal use mileage. When asked how he determined personal use mileage, petitioner replied:  "That was a guesstimate by what [my wife] was using to drive around". Petitioner's use of a "guesstimate" of personal mileage means that the number of business miles

---

[4]Respondent noted a relevance objection to petitioners' stipulated computation. We disagree and find the document to be relevant.

remaining after his subtraction from the total mileage is also a "guesstimate".

We find that petitioner's "guesstimate" of business miles driven in the Lincoln automobile does not constitute an adequate record or other sufficient evidence with which to substantiate the business use of listed property as required by section 274(d).  See sec. 1.274-5T(c)(2)(ii)(C), Temporary Income Tax Regs., supra.

### The Pickup Truck

Of the 34,748 total business miles claimed for the use of the pickup truck, petitioner testified that he drove 29,001 miles to, from, and for Ro-Tile.  The difference between the total mileage and the Ro-Tile mileage was "probably" associated with his Bakos & Dehr realty endeavor, petitioner testified. Petitioners provided no other records or corroborating evidence to substantiate the business use of the truck in the alleged real estate activity.[5]  Petitioners may not claim as a business

---

[5]Petitioners reported no partnership income or deductions for the taxable year.  We assume that petitioner's real estate activities generated, at best, startup or preopening expenses. Sec. 195(c)(1).  Startup or preopening expenses are not deductible under either sec. 162 or sec. 212.  Hardy v. Commissioner, 93 T.C. 684 (1989); Goodwin v. Commissioner, 75 T.C. 424, 433 (1980) affd. without published opinion 691 F.2d 490 (3d Cir. 1982); Polachek v. Commissioner, 22 T.C. 858, 863 (1954).  Even if substantiated, deduction of such expenses is specifically denied by sec. 195(a).

expense the unsubstantiated portion of the truck mileage related to the alleged real estate activity.

As substantiation for petitioner's remaining 29,001-mile business use of the truck, for his work with Ro-Tile, he provided two calendars for the year 1994.[6] Petitioner testified that he kept one calendar "that was thrown into the car, that I would run around in the car with"[7] and one at home "on the wall".  For days when he expected to travel to Ro-Tile, a 162-mile round trip, petitioner testified that he made a notation of the letters "RT" on the calendars.  Petitioner said that sometimes he failed to make notations in the calendar that he kept at home, and indeed there are many fewer "RT" notations on that calendar than on the one he carried with him in the "car".  Petitioner testified that he made the "RT" notations in advance, because "I tried to plan my month".  There are crossed out "RT" notations that represent days he thought he was going to Ro-Tile but for some reason did not, according to petitioner.  Petitioner made 162 "RT" notations (that were not crossed out) on his "car" calendar.

---

[6]Respondent notes a relevance objection to these stipulated items.  We find them, however, clearly relevant to whether petitioner has substantiated the business use of his truck under sec. 274(d).

[7]In the context of the other evidence in this case, we assume petitioner was referring to his pickup truck when he testified that the calendar was kept in his "car".

Petitioner also testified that on certain days, he "had to" travel an additional distance to Concord and to Pleasant Hill, California, to pick up Ro-Tile's payroll and return to Ro-Tile. On each of those occasions, according to petitioner, he would visit a "hamburger joint" called Fuddruckers located in Concord. For that reason, petitioner stated that he made the notation "FUDD" on calendar days when he went to Concord. Petitioner gave no testimony on the additional distance he traveled on "FUDD", or payroll, days. He did supply an adding machine tape on which several entries of various amounts of mileage are added to produce the sum of 2,757. No other explanation or evidence was provided for the "FUDD" trips.

Section 274(d)(4) and the regulations thereunder call for substantiation of "each element" of every business use of listed property. The level of detail required for adequate substantiation, however, depends on the facts and circumstances of each case. Where the taxpayer makes regular trips to a fixed location, he may satisfy the adequate record requirement by recording the total number of miles driven, the length of the route once, and the date of each trip at or near the time of the trips. Sec. 1.274-5T(c)(2)(ii)(C), Temporary Income Tax Regs., supra.

Petitioners failed to provide an adequate record of substantiation or other sufficient evidence for the 2,757 miles

of travel denoted as "FUDD", or payroll travel, or for claimed parking fees, tolls, property taxes, and interest. Sec. 1.274-5T(c)(3)(iii), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

We find, however, that petitioners, under the facts and circumstances of this case, have provided an adequate record of substantiation for the use of their truck for 162 round-trips of 162 miles each, or 26,244 miles of business transportation, from petitioner's home office to and from Ro-Tile in 1994.

To reflect the foregoing,

Decision will be entered

under Rule 155.