T.C. Summary Opinion 2002-3

UNITED STATES TAX COURT

GEORGE H. RICHARDS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18523-99S.          Filed January 14, 2002.

George H. Richards, pro se.

<u>Monica J. Miller</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1997 of $1,334. At some point before trial, petitioner conceded the adjustment in the notice of deficiency; however, each party made additional claims. The issues remaining for decision are: (1) Whether petitioner is entitled to the claimed dependency exemption deductions; (2) whether petitioner is entitled to head-of-household filing status; (3) whether petitioner is entitled to the additional claimed alimony deduction; and (4) whether petitioner is entitled to the claimed Schedule C, Profit or Loss From Business, expense deductions.

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Petitioner lived in Clearwater, Florida, at the time he filed his Tax Court petition.

Background

Petitioner was employed by an architectural firm as a licensed architect during 1997. Petitioner and his wife, Virginia Richards (Ms. Richards), had three children, Matthew, Brigid, and Shannon, who in 1997 were ages 17, 13, and 11, respectively. Petitioner, Ms. Richards, and their children lived

together in the marital home until July 25, 1997, when petitioner and Matthew moved out. Although Matthew moved into a new residence with petitioner in July 1997, the record is unclear as to whether Matthew continued to live with petitioner for the remainder of 1997. Ms. Richards continued to live in the marital home with Brigid and Shannon for the remainder of the year.

Ms. Richards was awarded permanent custody of all three children. Petitioner and Ms. Richards were divorced in August 1998. Effective August 1, 1997, petitioner was obligated to pay $784.62 biweekly in alimony and $346.84 biweekly in child support pursuant to the terms of the Report and Recommendation of General Master on Motion for Temporary Relief (the Report) and the Order of the Pinellas County Circuit Court (the Order). Petitioner did not pay the full amount of the alimony as scheduled. The records that petitioner submitted, including a Family Law Case History from Pinellas County, photocopies of petitioner's calendar with handwritten notes and calculations, photocopies of petitioner's handwritten checking account balance sheets, and Ms. Richards's handwritten notes with photocopies of canceled checks that respondent submitted indicate that petitioner made the following alimony and child support payments:

| Date | Alimony | Child Support |
|------|---------|---------------|
| 8/4/97 | $253.16 | $346.84 |
| 8/17/97 | 437.78 | 346.84 |
| 8/30/97 | --- | 346.84 |
| 9/12/97 | --- | 346.84 |
| 9/14/97 | 346.84 | --- |
| 9/26/97 | --- | 346.84 |
| 10/6/97 | 253.16 | 346.84 |
| 10/24/97 | --- | 346.84 |
| 11/10/97 | 359.63 | 346.84 |
| 11/24/97 | 359.63 | 346.84 |
| 12/9/97 | 359.63 | 346.84 |
| 12/21/97 | 359.63 | 346.84 |
| Total | 2,729.46 | 3,815.24 |

In addition to his employment with the architectural firm, petitioner performed architectural computer-aided design (CAD) drafting services in the evenings. During the period he resided at the marital home, petitioner performed the CAD drafting on his computer at a computer desk in a room in the marital home that he exclusively used as his home office. The square footage of the room in which petitioner performed the CAD drafting was 13 percent of the square footage of the marital home. After petitioner moved on July 25, 1997, he performed the CAD drafting in the kitchen area of each of the rental units in which he lived. Petitioner often drove from his residence to a client's office to deliver his completed work. Petitioner wanted to develop an Internet Web site to promote his CAD drafting business and to allow him to work from any location. This Web site was never completed.

Petitioner filed a 1997 Federal income tax return[1] in which he claimed, among other items, head-of-household filing status, dependency exemption deductions for his three children, and an alimony deduction of $2,515.

Petitioner filed an amended 1997 Federal income tax return dated May 15, 2000, in which he increased the amount of his alimony deduction to $4,991. With his amended return petitioner included a Schedule C relating to his drafting activity on which he reported gross income of $3,840 and a net loss of $1,548. Petitioner deducted the following expenses on his Schedule C:

| Expense | Amount |
|---|---|
| Car and truck | [1]$186 |
| Depreciation and sec. 179 expense | 3,485 |
| Office expense | 57 |
| Rent or lease--vehicles, machinery, and equipment | 189 |
| Rent or lease--other business property | [1]401 |
| Repairs and maintenance | 30 |
| Supplies | 181 |
| Taxes and licenses | 90 |
| Utilities | 289 |
| Other expenses (books) | 16 |
| Expenses from business use of house | 464 |
| Total | 5,388 |

[1] The exact amount of this expense is unclear from the copy of the Schedule C but has been derived using the total.

Ms. Richards filed a separate income tax return for the 1997 tax year. On Schedule A, Itemized Deductions, attached to her

[1] The return was electronically filed. This is relevant with respect to the issue of whether a waiver was attached to the return, as will be discussed infra. Sec. 152(e)(2)(B).

return, she claimed deductions for both mortgage interest and real estate taxes. Ms. Richards initially claimed dependency exemption deductions on her 1997 return for Brigid and Shannon, but she did not claim dependency exemption deductions on her amended return.

After trial, respondent filed (1) a motion to file an answer to conform the pleadings to the proof, which the Court granted, and (2) an answer to amended petition.

Discussion

As a preliminary matter, we note that petitioner conceded the adjustment determined in the notice of deficiency. After the issuance of the notice of deficiency, in the amended petition and at trial, petitioner raised the issues concerning his Schedule C expenses and his increased alimony deduction; accordingly, petitioner bears the burden of proof on those issues.[2] Rule 142(a)(1).

In his answer to amended petition, respondent denied the allegations in the amended petition and made affirmative allegations that petitioner was not entitled to dependency

---

[2] Sec. 7491 does not apply to shift the burden of proof to respondent on these issues because petitioner has neither alleged that sec. 7491 is applicable nor established that he complied with the requirements of sec. 7491(a)(2)(A) and (B) to substantiate items, maintain required records, and fully cooperate with respondent's reasonable requests.

exemption deductions and head-of-household filing status.  These are new matters for which respondent bears the burden of proof. Id.

Issue 1.  Dependency Exemption Deductions

A dependent is defined as an individual, such as a son or daughter of the taxpayer, over half of whose support for the calendar year was received from the taxpayer.  Sec. 152(a)(1); sec. 1.152-1(a), Income Tax Regs.  As relevant here, the child must not have attained the age of 19 by the close of the calendar year.  Sec. 151(c)(1)(B)(i).

Support includes food, shelter, clothing, medical and dental care, education, and the like.  Sec. 1.152-1(a)(2)(i), Income Tax Regs.  The total amount of support for each claimed dependent furnished by all sources during the year in issue must be established by competent evidence.  Blanco v. Commissioner, 56 T.C. 512, 514 (1971).  The amount of support that the claimed dependent received from the taxpayer is compared to the total amount of support the claimed dependent received from all sources.  Sec. 1.152-1(a)(2)(i), Income Tax Regs.  It must also be established that the taxpayer provided more than one-half of the total support for each claimed dependent.  Secs. 151 and 152; sec. 1.152-1(a)(1), Income Tax Regs.

In the case of a child who receives over half of his support from parents who are divorced or legally separated under a decree

of divorce or separate maintenance under section 152(e)(1)(A)(i),
or separated under a "written separation agreement" under section
152(e)(1)(A)(ii),[3] and the child is in the custody of one or both
parents for more than one-half of the calendar year, then such
child shall be treated as receiving over one-half of his support
from the parent having custody for a greater portion of the
calendar year.  Sec. 152(e)(1).

The custodial parent is the parent who has custody of a
child for the greater portion of the year.  Id.  The noncustodial
parent may claim the dependency exemption deduction, and a
dependent may be treated as having received over one-half of his
support from the noncustodial parent, if the custodial parent
signs a written statement that she will not claim the child as a
dependent for the taxable year, under section 152(e)(2)(A).  The
noncustodial parent must then attach this waiver to his return.
Sec. 152(e)(2)(B); sec. 1.152-4T(a), Q&A-3, Temporary Income Tax
Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

Respondent argues (and has the burden of proving) that
petitioner is not entitled to the dependency exemption deductions
claimed for his three children.  Respondent has not argued that
petitioner and Ms. Richards were not legally separated under

---

[3]  Sec. 152(e)(1)(A)(iii) concerns parents living apart at
all times during the last 6 months of the taxable year.  This
section is not applicable because petitioner was not living apart
from Ms. Richards at all times during the last 6 months of 1997.

section 152(e)(1)(A)(i), or that there was no "written separation agreement" under section 152(e)(1)(A)(ii).  Respondent did not present evidence that anyone, including Ms. Richards, other than petitioner provided any support for the children.  See sec. 1.152-1(a)(2)(i), Income Tax Regs.

Respondent did not present evidence that Matthew did not live with petitioner for a greater portion of the year and, therefore, has not met his burden of proof.  Accordingly, petitioner was the custodial parent for Matthew in 1997 under section 152(e)(1).  Therefore, petitioner provided over half of Matthew's support, and he is entitled to a dependency exemption deduction for Matthew for 1997.  See sec. 152(a)(1).

Ms. Richards was the custodial parent for Shannon and Brigid in 1997.  As previously indicated, petitioner, as the noncustodial parent, would be entitled to the dependency exemption deductions for Shannon and Brigid only if he attached the proper waiver signed by Ms. Richards to his return. Respondent neither asserted nor presented evidence that petitioner failed to attach a waiver signed by Ms. Richards to his return as required by section 152(e)(2).  While we recognize that proof of a negative may be difficult, a copy of a transcript indicating that no such waiver was attached to the 1997 return would have provided some evidence on this matter.  Cf. Kessler v. Commissioner, T.C. Memo. 1977-117 (determining that the taxpayer,

who had the burden of proof, met the burden of proving the
negative by providing credible testimony).  The copy of
petitioner's electronically filed 1997 return produced to the
Court does not indicate whether petitioner attached a waiver or
subsequently mailed a waiver to the Internal Revenue Service.  We
are unable to find that a waiver was not attached or mailed
separately, along with Form 8453, U.S. Individual Income Tax
Declaration for Electronic Filing.[4]  Thus, we cannot conclude
that respondent met his burden of proof.

Accordingly, petitioner is allowed the claimed dependency
exemption deductions.

Issue 2.  Head-of-Household Filing Status

For a taxpayer to qualify for head-of-household filing
status, he must satisfy the requirements of section 2(b).  An
individual shall be considered a head of household if he is not
married at the close of the taxable year, is not a surviving
spouse, and, in relevant part, maintains as his home a household

_____

[4] Respondent asserts in his answer to amended petition that
Ms. Richards initially claimed two children as dependents;
accordingly, respondent concluded that she did not sign a waiver.
We note that while Ms. Richards initially claimed her two
daughters as dependents on her separate income tax return, she
did not claim the children as dependents on her amended return
for the 1997 tax year and she testified at trial that she was not
entitled to.  Ms. Richards's treatment of the dependency
exemption deductions on her original and amended returns does not
affect the outcome of this issue as to petitioner.  Nevertheless,
allowing petitioner the dependency exemption deductions does not
create a result inconsistent with Ms. Richards's treatment of
this item.

which constitutes for more than one-half of the taxable year the principal place of abode of a child as a member of such household. Sec. 2(b)(1)(A)(i). An individual maintains a household only if he furnishes over half of the costs of maintaining the household during the taxable year. Sec. 2(b)(1); sec. 1.2-2(b)(1), Income Tax Regs. The costs of maintaining the household include property taxes, mortgage interest, utility charges, upkeep and repairs, property insurance, and food consumed on the premises. Sec. 1.2-2(d), Income Tax Regs.

An individual who is married shall not be considered married if he is legally separated from his spouse under a decree of divorce or of separate maintenance. Secs. 2(b)(2)(B) and (c), 7703(a).

Petitioner claimed head-of-household filing status on his 1997 return. Respondent has argued (and has the burden of proving) that petitioner is not entitled to the claimed head-of-household filing status.

Although petitioner was married in 1997, he will not be treated as married for purposes of section 2 because, as discussed above with respect to section 152(e)(1)(A), there has been no argument or facts produced that indicate that petitioner and Ms. Richards were not legally separated under a decree of separate maintenance.

The facts of the case indicate that petitioner furnished over one-half of the costs of maintaining the household at the marital home (e.g., he paid the mortgage, real estate taxes, and utilities). Petitioner's marital home constituted a household that was the principal place of abode for at least one-half of the year for all three of his children, for whom he is entitled to dependency exemption deductions under section 151, as discussed above. Accordingly, petitioner is eligible for head-of-household filing status.

### Issue 3. Alimony

A taxpayer is allowed as a deduction an amount equal to the amount paid that constitutes "alimony"[5] or a "separate maintenance [payment]" paid during his taxable year under section 215(a). Alimony is defined as a payment in cash that satisfies a four-part test set forth in section 71(b)(1).

Respondent does not dispute that petitioner was responsible for paying alimony to Ms. Richards, and we are satisfied that the payments constitute alimony for purposes of sections 215 and 71(b). Respondent disputes the amount petitioner claimed as an alimony deduction on his amended return.

Payments that constitute support of minor children are not included in the definition of alimony and are not deductible. Secs. 71(c), 215(b). If any payment that is made is less than

---

[5] The Order refers to the payments as "alimony".

the full amount specified in the instrument, then the payment amount that does not exceed the sum payable for support shall be considered a payment for child support. Sec. 71(c)(3); Blyth v. Commissioner, 21 T.C. 275, 279 (1953).

Pursuant to the terms of the Report and the Order, petitioner was directed to make biweekly payments to Ms. Richards of $784.62. Petitioner produced documents indicating that he paid Ms. Richards alimony of $2,729.46[6] in 1997; therefore, petitioner is allowed a deduction for alimony in that amount.

Issue 4. Schedule C Expense Deductions

Deductions are a matter of legislative grace, and a taxpayer must establish his right to the deductions claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

Under section 162, a deduction is allowed for ordinary and necessary expenses that are paid or incurred during the taxable year in carrying on a trade or business. Sec. 162(a). Section 167 allows a depreciation deduction for property used in a trade or business or held for the production of income. Sec. 167(a).

Generally, a taxpayer is required to substantiate deductions by maintaining books and records sufficient to establish the

---

[6] We have credited petitioner with a payment of alimony of $346.84 on Sept. 14, 1997. While it may appear that this payment was child support, petitioner met his child support obligation for September 1997 and was not otherwise in arrears. Moreover, petitioner did not designate the payment as child support as he had done with the payments on Sept. 12 and 26, 1997.

amount of his deductions.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  If a taxpayer is unable to fully substantiate the expenses incurred in his trade or business but there is evidence that deductible expenses were incurred, the Court may nevertheless allow a deduction based upon an approximation of expenses.  Ellis Banking Corp. v. Commissioner, 688 F.2d 1376 (11th Cir. 1982), affg. in part and remanding in part T.C. Memo. 1981-123; Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Respondent does not dispute and we conclude that petitioner was in the trade or business of performing architectural CAD drafting services in 1997.  Respondent argues that petitioner failed to substantiate the expenses for which he claimed deductions on his Schedule C.  We shall discuss each claimed expense below.

### A.  Car and Truck Expenses

Petitioner claimed a deduction of $186 on his Schedule C for car and truck expenses.  It is not clear from his Schedule C or the attached Form 4562, Depreciation and Amortization, whether the claimed amount represents depreciation for his Nissan Altima automobile, a standard mileage allowance, or actual expenses such as gasoline and tolls.

To deduct expenses, such as depreciation, with respect to "listed property" under section 280F(d)(4)(i), which includes an

automobile, the taxpayer must comply with strict substantiation requirements under section 274(d)(4).  Section 274 requires, in relevant part, that the taxpayer substantiate by either adequate records or sufficient corroborating evidence the following items: (1) The amount of the claimed expense; (2) the time and place of the use of the property; and (3) the business purpose of the expense.  Sec. 274(d); sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  Even if such an expense is otherwise deductible, the deduction for the listed item may be denied if the substantiation is insufficient to support it.  Id.  The substantiation requirements under section 274 override the general substantiation requirements of section 6001 and Cohan v. Commissioner, supra.

A self-employed individual may deduct a mileage allowance under section 62(a)(1), section 1.274-5T(c)(2)(ii), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985), and section 1.274(d)-1, Income Tax Regs.  Dehr v. Commissioner, T.C. Memo. 1998-441.  A deduction for a mileage allowance requires the same substantiation under section 274 as set forth above (i.e., amount, time and place, and business purpose).  The amount of the mileage can be substantiated by any reasonable means, such as using a contemporaneous business log, or otherwise establishing the miles driven.  Smith v. Commissioner, 80 T.C. 1165 (1983).  The Commissioner is authorized to establish the standard mileage

rate that is deemed to satisfy the substantiation requirements and has done so for 1997. Sec. 1.274(d)-1(a), Income Tax Regs.; Rev. Proc. 96-63, 1996-2 C.B. 420.

Actual allowable expenses such as gasoline and tolls are deductible if incurred in a trade or business and if they do not constitute personal commuting expenses. Sec. 162; Green v. Commissioner, 59 T.C. 456 (1972); sec. 1.162-1(a), Income Tax Regs.

Petitioner's Nissan Altima qualifies as "listed property" under sections 274(d)(4) and 280F(d)(4)(A)(i). Petitioner has not provided any facts in support of depreciation of the automobile. Therefore, the deduction for depreciation of the automobile is denied.

Petitioner produced a handwritten list approximating his miles driven and tolls paid. This list provides no assistance as to whether petitioner has claimed as a deduction a standard mileage rate or actual expenses. To the extent that this list reflects mileage, it does not appear to be a contemporaneous log. See Smith v. Commissioner, supra. It also fails to establish petitioner's time, place, and business purpose of the miles driven. Therefore, petitioner has not substantiated the deduction for a mileage allowance, and it is denied.

To the extent that petitioner's handwritten list reflects actual expenses associated with the automobile, petitioner has

not substantiated any expenses except for tolls of $24, which we allow as a deductible expense.

Accordingly, except with respect to the $24 deduction for tolls, petitioner has failed to substantiate these deductions, and they are denied.

### B.  Depreciation and Section 179 Expense

A taxpayer may elect to deduct as a current expense the cost of any "section 179 property" which is acquired by purchase for use in the active conduct of a trade or business.  Sec. 179(a), (d)(1).  Section 179 property is tangible property to which section 168 applies and which is section 1245 property.[7]  Sec. 179(d)(1); sec. 1.179-4(a), Income Tax Regs.

Computer equipment is "listed property" under section 274(d)(4), as defined under section 280F(d)(4)(A)(iv), unless it falls under the exception in section 280F(d)(4)(B).  Computer equipment is excepted from the definition of listed property under section 274 (and will, therefore, not be subject to the substantiation requirements for listed property under section 274 and section 1.274-5T(b)(6), Temporary Income Tax Regs., supra) if it is used exclusively at a regular business establishment and owned or leased by the person operating such establishment.  Sec. 280F(d)(4)(B).  A regular business establishment includes a home

---

[7]  Sec. 1245 property is defined in sec. 1245(a)(3) as property subject to the allowance for depreciation under sec. 167, including personal property.

office for which the requirements of section 280A(c)(1) are met. Id.

Section 179 has its own substantiation and election requirements. The taxpayer must maintain records reflecting how and from whom the section 179 property was acquired, and when it was placed in service. Sec. 1.179-5(a), Income Tax Regs. The taxpayer is also required to elect on his first return for the taxable year or on a timely filed amended return as a separate item the total section 179 expense deduction claimed with respect to all section 179 property selected and the portion of that deduction allocable to each specific item. Id.

Petitioner indicated on Form 4562 attached to his Schedule C that he elected to deduct computer equipment as a current expense under section 179. Petitioner's computer equipment qualifies as section 179 property because it is tangible property to which section 168 applies. Secs. 167(a)(1) and 168(f). The computer equipment also qualifies as section 1245 property. Sec. 1245(a)(3).

Petitioner's computer equipment is not listed property under section 274(d)(4) because it falls under the home office exception to section 274 under section 280F(d)(4)(B) and section 280A(c)(1), as discussed below. Therefore, the computer equipment is not subject to the substantiation requirements of section 274. Nevertheless, the computer equipment is subject to

the substantiation and election requirements of section 179 and general substantiation requirements.

Although petitioner produced many receipts reflecting purchases of computer equipment, all receipts except one reflect a subsequent tax year and cannot be used to substantiate purchases of property for 1997. The one receipt from 1997 indicates a purchase of computer equipment of $32.09.

Petitioner failed to maintain records reflecting the cost of the computers, the use of the property, the date of the use, the business purpose of the property, from whom the equipment was acquired, and when the computer equipment was placed in service, as required by section 1.179-5(a), Income Tax Regs. In addition, petitioner's amended return was dated May 15, 2000, and filed sometime thereafter. Petitioner's 1997 return was due on April 15, 1998, so the amended return was not timely filed. Accordingly, petitioner is denied the deduction for his computer equipment.

### C. Expenses From Business Use of Home

Petitioner deducted depreciation of the marital home, a casualty loss, mortgage interest, real estate taxes, insurance, and utilities in connection with the business use of his home on Form 8829, Expenses for Business Use of Your Home, attached to his return.

Deductions for expenses attributable to the taxpayer's business use of his home are disallowed unless they fit within the exceptions under section 280A. Sec. 280A(a). A deduction may be allowed to the extent the item is allocable to a portion of the home which is exclusively used on a regular basis as the principal place of business for his trade or business. Sec. 280A(c)(1)(A).

Deductions for expenses related to the business use of a taxpayer's home are further limited by section 280A(c)(5) to the excess of the gross income derived from the use of the home office over the deductions allocable to the home office that are otherwise allowable.

As the facts indicate, during the period from January 1 through July 25, 1997, petitioner used a room in the marital home exclusively as his work space for his drafting activity. Petitioner also used the room as such on a regular basis throughout this period.

After petitioner moved from the marital home, he performed his drafting in the kitchen of each of his subsequent apartments. Because petitioner did not use a portion of each rental unit exclusively for his drafting activity, petitioner is not allowed a deduction after July 25, 1997.

Petitioner and respondent agreed that petitioner is allowed a deduction for home mortgage interest and real estate taxes of

$2,555 and $683, respectively, for 1997. Accordingly, the portions of the mortgage interest and real estate taxes that are allocable to the portion of petitioner's marital home devoted to his home office during the period from January 1 through July 25, 1997, are expenses in connection with the business use of his home and deductible on Schedule C.[8]

Petitioner claimed a deduction for utilities as part of his deduction for the business use of his home and also as a separate expense on the Schedule C. Petitioner failed to explain why he deducted the same item twice or that the items are not, in fact, duplications. The deduction for utilities is allowed as an expense with respect to the home office only.

Petitioner has not substantiated his basis in the marital home, the casualty loss, or the insurance. Accordingly, the home office expense deduction with respect to these items is disallowed.

     D.   <u>Office Expense, Supplies, Taxes and Licenses,</u>
            <u>Utilities, and Other Expenses</u>

We are satisfied that petitioner has provided credible evidence relating to the following CAD drafting expenses: Office expenses of $57; supplies of $181; taxes and licenses of $90;

---

[8] The remaining portion of the mortgage interest and real estate taxes may be deductible by petitioner under sec. 163(h)(3) and sec. 164(a)(1), respectively.

utilities of $289; and books of $16.  These amounts are deductible under section 162.

Petitioner provided evidence concerning the attempted creation of his Web site.  Because petitioner primarily intended for the Web site to promote his CAD drafting services, it is a deductible advertising expense under section 162.

Petitioner has failed to provide any facts concerning the expenses relating to the following claimed deductions:  Rent or lease of vehicles, machinery, and equipment; rent or lease of other business property; and repairs or maintenance.  Accordingly, these expenses are disallowed.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered
under Rule 155.